IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Antonio Raheem Matthews, | ) |
| Petitioner, | ) **ORDER** |
| vs. | ) |
| Colby Braun, | ) Case No. 1:18-cv-175 |
| Respondent. | ) |

___

Petitioner Antonio Raheem Matthews is an inmate at the North Dakota State Penitentiary ("NDSP") in Bismarck, North Dakota. He filed a "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody." (Doc. No. 2). The State of North Dakota ("State") has filed a "Limited Motion to Dismiss Section 2254 Petition." (Doc. No. 14). The parties have consented to the exercise of jurisdiction by the undersigned. For the reasons set forth below, the State's motion to dismiss is granted, and Matthew's petition is dismissed with prejudice.

**I.    BACKGROUND**

    **A.    Underlying State Conviction**

Matthews was charged in state district court with three counts of gross sexual imposition, two counts of robbery, one count of terrorizing and two counts of felonious restraint. (Doc. No. 15-1). On August 12, 2014, a jury found him guilty on all charges. Id. On October 15, 2014, Matthews was sentenced to life imprisonment without parole. (Doc. No. 15-2). Matthews filed an appeal to the North Dakota Supreme Court. (Doc. No. 15-4). Matthews argued that the evidence presented to the state district court was insufficient to sustain his convictions. Id. On June 18, 2015, the North Dakota Supreme Court summarily affirmed Matthews' convictions. State v. Matthews, 2015 ND 119, 865 N.W.2d 124. There was no appeal to the United States Supreme Court.

    **B.    First Application for Postconviction Relief**

On July 16, 2015, Matthews filed an application for postconviction relief in state district court. (Doc. No. 15-5). Matthews claimed ineffective assistance of counsel at trial; illegal tactics used for identification, including failure to conduct a police lineup and police lifting up his shirt to look at his tattoos; and that there was an unconstitutional prosecutorial failure to disclose evidence favorable to the defendant. (Doc. No. 15-6).

On January 22, 2016, the state district court denied the application for postconviction relief holding that, "Based upon these bare allegations, lacking specific supporting facts and complete absence of any legal authority, the court finds that Matthews failed to establish any basis for post-conviction relief." Id. The North Dakota Supreme Court summarily affirmed the state district court's order on July 28, 2016. Matthews v. State, 2016 ND 123, 881 N.W.2d 565.

### C. Second Application for Postconviction Relief

On October 17, 2016, Matthews filed an second application for postconviction relief. (Doc. No. 15-10). Matthews' claimed that evidence of a laptop was disclosed during trial, but not in discovery, and that fingerprint evidence of the laptop would have been exculpatory; ineffective assistance of counsel; and that he was not provided some witness and victim statements. Id.

On October 31, 2016, the state district court summarily dismissed the second application. Id. The court concluded that Matthews' first two claims were barred by res judicata as they were addressed in his first petition for postconviction relief. Id. In regards to Matthews' claim that he was not provided some of the victim and witness statements, the court found that the claim "could have been raised prior to conviction and judgment, in his post-conviction appeal to the North Dakota Supreme Court, or in the first Petition." Id. The court found that because Matthews failed to raise this claim at previous opportunities, that the claim was barred as misuse of process under N.D.C.C. § 29-32.1-12(2). Id. Matthews did not file an appeal in the second application. Id.

### D. Third Application for Postconviction Relief

On October 20, 2016, Matthews filed a third application for postconviction relief. On March 24, 2017, the state district court summarily dismissed Matthews' third application as barred by res judicata and misuse of process. (Doc. No. 15-11). The court noted that Matthews' third application for postconviction relief was identical to his second application. (Doc. No. 15-12).

E.     **Fourth Application for Postconviction Relief**

On November 20, 2017, Matthews filed a fourth application for postconviction relief. Matthews alleged prosecutorial misconduct, newly discovered evidence, that the state did not provide potentially exculpatory evidence to him, and that potentially exculpatory evidence was not examined for fingerprints (Doc. Nos. 15-12 and15-13). On January 22, 2018, Matthews' fourth application was summarily dismissed by the state district court. (Doc. No. 15-13). The state district court concluded that, "Matthews clearly continues to litigate the same issues, only using different terminology." Id. at 7. Matthews appealed the state district court's denial of his fourth application for postconviction relief to the North Dakota Supreme Court. On August, 8, 2018, the North Dakota Supreme Court summarily affirmed the state district court holding that, "The district court did not err by summarily dismissing Matthews' application for post-conviction relief because it was untimely and because the issues in his applications were raised in prior applications or on direct appeal from convictions." Matthews v. State, 2018 ND 149, 913 N.W.2d 771.

F.     **Petition for Writ of Habeas Corpus pursuant to § 2254**

On August 17, 2018, Matthews initiated the above-entitled action *pro se* by filing a petition for a writ of habeas corpus with this court pursuant to 28 U.S.C. § 2254. He asserts the following grounds for relief:

Ground One:      Investigatory misconduct, prosecutorial misconduct, suppression of evidence because the prosecution failed to disclose potentially exculpatory evidence to the defendant and fingerprint analysis was not performed on evidence collected from the crime scene.

Ground Two:      Ineffective assistance of counsel because trial attorney failed to present an alibi defense and persuaded petitioner not to testify.

Ground Three:    Conviction obtained by use of evidence taken from an unconstitutional search and seizure because police lifted petitioner's shirt up to view tattoos the victims described.

> Ground Four: DNA evidence excludes the petitioner as a contributor to major pieces of evidence of the crime.

(Doc. No. 2).

Matthews requests that his sentence be vacated and that he be awarded a new trial. Id. On October 10, 2018, respondent filed a motion to dismiss Matthews' habeas petition. Respondent argues that Matthews' petition be dismissed because it was not filed within the one-year statutory period required by 28 U.S.C. § 2244(d)(1). Matthews argues that the extraordinary circumstances of being misinformed by court appointed counsel as well as his lack of computer research training should equitably toll the statute and that his application should be considered timely. (Doc. No. 18).

## II.  DISCUSSION

### A. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the one-year statute of limitations of 28 U.S.C. § 2244(d)(1) applies to a state prisoner's application for federal habeas corpus relief. Johnson v. Hobbs, 678 F.3d 607, 610 (8th Cir. 2012). This limitations period is calculated from:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2244(d)(1)(A)–(D).

Section 2244(d)(1)(A) applies to the present case. Under § 2244(d)(1)(A), the one-year period began to run on "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" See, e.g., Johnson, 678 F.3d at 610. "Review of a state criminal conviction by the United States Supreme Court is considered direct review of the conviction." King

v. Hobbs, 666 F.3d 1132, 1135 (8th Cir. 2012) (quoting Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir. 1998)). When the United States Supreme Court has jurisdiction to review the state court judgment and the petitioner does not seek such review, the state court judgment becomes final when the petitioner's time for requesting a writ of certiorari expires. Gonzalez v. Thaler, 132 S. Ct. 641, 653–54 (2012).

Section 2244(d)(2) provides for the tolling of the one-year statutory period for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" See, e.g., Johnson, 678 F.3d at 610. The statute provides that any additional period during which the statute is tolled is added to the one-year period. See Peterson v. Gammon, 200 F.3d 1202, 1204 (8th Cir. 2000). "A state postconviction action 'remains pending' for the purpose of federal tolling 'until the application has achieved final resolution through the State's postconviction procedures.'" Steen v. Schuetzle, 326 Fed.Appx. 972, 973 (8th Cir. 2009) (quoting Carey v. Saffold, 536 U.S. 214, 220 (2002)). A postconviction proceeding appealed to the North Dakota Supreme Court remains pending until the Court issues its mandate. Steen, 326 Fed.Appx. at 974 (citing Finch v. Backes, 491 N.W.2d 705, 707 (N.D. 1992); N.D.C.C. § 28-05-10).

**B. The one-year limitations period expired before Matthews filed his petition**

In this case, the issue is whether Matthews timely filed a habeas corpus application with the U.S. District Court of North Dakota. On June 18, 2015, the North Dakota Supreme Court issued its mandate affirming Matthews' conviction. Matthews did not file a petition for writ of certiorari with the United States Supreme Court. Accordingly, Matthews' one-year period for filing a § 2254 petition began to run when his time for seeking review by the United States Supreme Court expired. Supreme Court Rule 13.1 provides that a petition for a writ of certiorari is timely when filed within 90 days of entry of the judgment by the state court of last resort. That time period does not include the day of the filing of the judgment. Sup. Ct. R. 13.1.

The North Dakota Supreme Court's judgment affirming Matthews' criminal conviction was entered no later than June 18, 2015. (Doc. No. 15-4). From that date, Matthews' time for filing for certiorari expired on September 17, 2015, and his one-year period for filing a § 2254 petition began to run. But, prior to the

expiration of the time to file for certiorari, Matthews filed a timely application for postconviction relief under N.D.C.C. 29-31.1-01. Matthews' filed his first application for postconviction relief on July 16, 2015. On July 28, 2016, the North Dakota Supreme Court affirmed the state court's denial of Matthews' first application for postconviction relief. At this point, the one-year time period began to run.

On October 17, 2016, Matthews filed his second application for postconviction relief. At this point, 81 days had run. Matthews' second application was denied by the state district court on October 31, 2016. Prior to the state district court's denial of Matthews' second application, he filed a third application for postconviction relief on October 20, 2016. The state district court denied the third application on March 24, 2017. Both Matthews' second and third applications were denied as barred by res judicata and misuse of process.

On November 20, 2017, Matthews filed his fourth application for postconviction relief. An additional 241 days passed between the denial of Matthews' third application for postconviction relief and the filing of his fourth. The state district court denied Matthews' fourth application for postconviction relief as untimely because it was brought more than two years after his conviction became final. The court also noted his fourth application was barred by res judicata and misuse of process for raising similar claims in his previous three applications.

Because Matthews' fourth application for postconviction relief was dismissed as untimely, it was not "properly filed" as required under §2244(d)(2) to toll the one-year limitations for filing a federal habeas corpus petition."[T]ime limits on postconviction petitions are 'condition[s] to filing' such that an untimely petition would not be deemed 'properly filed'." Pace v. DiGuglielmo, 544 U.S. 408, 412 (2005) (quoting Artuz v. Bennett, 531 U.S. 4, 8 (2000)). Because the state district court rejected Matthews' fourth application for postconviction of relief as untimely, it was not "properly filed," and thus he is not entitled to statutory tolling under § 2244(d)(2).

Therefore, the remaining 284 days—assuming Matthews' first three applications for postconviction relief are not barred under different standards[1]— for Matthews to timely file a petition for habeas relief would have expired on January 2, 2018. Matthews filed his petition for habeas relief on August 16, 2018, more than eight months after the expiration of one-year limitation period.[2]

**C.      Equitable tolling**

The one-year AEDPA limitations period is subject to equitable tolling in a very narrow range of cases. Holland v. Florida, 560 U.S. 631, 645 (2010); Deroo v. United States, 709 F.3d 1242, 1246 (8th Cir. 2013). A petitioner claiming equitable tolling must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Holland, 560 U.S. at 653 (internal quotations and citations omitted).

Matthews argues equitable tolling should apply because he was misinformed by court appointed counsel on several occasions. Matthews also claims his is "not computer smart" and did not have "researching skills on the law computer" until he took two computer classes.

In regard to Matthews' first claim that equitable tolling should apply because he was misinformed by counsel, even assuming Matthews' counsel was ineffective, ineffective assistance of counsel generally is not an extraordinary circumstance that triggers equitable tolling. Benson v. Braun, 2018 WL 152347 at *3 (D.N.D. March 28, 2018)(citing Beery v. Ault, 312 F.3d 949, 951 (8th Cir. 2002)). Next, Matthews' argument that he is not computer smart similarly fails. "A petitioner's limited education and/or learning disabilities do not generally constitute extraordinary circumstances warranting equitable tolling." Benson, at *3 (citing

---

[1]Because Matthews' habeas petition is untimely, the court will not address the possible arguments that procedural default and other doctrines would bar his claims.

[2]A *pro se* prisoner's habeas petition is deemed filed on the date it is delivered to prison officials for mailing to the clerk of court. Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999).

Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006)(holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling. . . .")). Matthews numerous filings show a familiarity with legal arguments. Though Matthews' arguments have been unsuccessful, the filings in both state and federal court evidence that Matthews' does not so wholly lack in education that it would be characterized as an extraordinary condition. Matthews' claims of ineffective assistance of counsel and lack of computer training do not explain why Matthews could not have filed a timely habeas petition with this court instead of filing multiple applications for postconviction relief in state court.

Therefore, the court concludes equitable tolling is inapplicable in this case. Matthews remains subject to § 2244(d)(1)'s requirements. Because more than 365 days passed between the time Matthews completed his challenge on his final criminal judgment and the filing of his habeas petition with this court, Matthews' habeas petition must be dismissed as untimely under §2244(d)(1).

### III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. When the court has rejected a petitioner's claim on the merits, the substantial showing required is that the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)); see also United States v. Lambros, 404 F.3d 1034, 1036–37 (8th Circ. 2005); Garrett v. United States, 211 F.3d 1075, 1076–77 (8th Cir. 2000). When the court denies a petitioner's claim on procedural grounds without reaching the merits, the petitioner must demonstrate that reasonable jurists would find it debatable that a valid claim for the denial of constitutional rights has been stated and that the district court was correct in its procedural ruling. Slack, 529 U.S. at 484.

In this case, reasonable jurists would not find the dismissal of Matthews' petition to be debatable. Consequently, the court will not issue a certificate of appealability.

**III.     CONCLUSION**

The Respondent's Motion to Dismiss (Doc. No. 14) is **GRANTED** and the petitioner's habeas petition (Doc. No. 2) is **DENIED WITH PREJUDICE**. The court will not issue a certificate of appealability.

**IT IS SO ORDERED.**

Dated this 16th day of April, 2019.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter
United States Magistrate Judge